NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 9, 2015
Decided December 17, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3511

| | |
|---|---|
| CLARENCE BROWN, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Petitioner-Appellant,* | |
| *v.* | No. 13-cv-00570 |
| BRAD D. SCHIMEL, Attorney General of the State of Wisconsin, | William C. Griesbach, *Chief Judge.* |
| *Respondent-Appellee.* | |

**O R D E R**

Clarence E. Brown appeals the district court's denial of relief under 28 U.S.C. § 2254 (habeas corpus) on his claim that Wisconsin's prohibition against carrying a concealed weapon, Wis. Stat. § 941.23 (effective 2007–2011), is unconstitutional under the

Second Amendment as applied to him. Because the district court did not err in finding that Brown's as-applied claim was procedurally defaulted, we AFFIRM.

## I.    Background

Police officers encountered Brown on October 2009 while responding to a complaint that shots had been fired in the neighborhood of 25th and West Locust Street in Milwaukee, Wisconsin. Brown, who was on 26th Street, flagged down the officers and directed them to a man on the corner whom Brown believed to be the shooter. Yet, instead of arresting the man on the corner, the officers arrested Brown because he was carrying a concealed handgun in his waistband. The officers searched the man on the corner and let him go because he had no weapon; they charged Brown with violating Wis. Stat. § 941.23, which provided that "[a]ny person except a peace officer who goes armed with a concealed and dangerous weapon is guilty of a Class A misdemeanor."[1]

According to Brown, he was an innocent bystander who found himself unwittingly in the middle of a crime scene. He claims that, after he heard the gunshots and while he was trying to urge a group of children to go inside, he discovered the handgun on the ground. He picked up the gun only to protect himself and the nearby children from the gun's possible misuse. He even unloaded the gun and placed the bullets in the bed of a nearby pickup truck. He concealed the gun only because he was in a high-crime neighborhood and did not want to be mistaken as a dangerous person or perhaps even the shooter.

The state, however, did not recognize Brown as a benevolent bystander. At oral argument the state said that it believed Brown was the shooter, but it does not appear that it always believed this. Rather, according to the trial transcripts, the state believed Brown armed himself after the shots were fired and tried to hide the fact when the officers approached him. An officer testified that he saw Brown try to surreptitiously hide the bullets in the truck bed and that Brown only admitted to carrying the gun when the officer asked him why he had bullets. In any event, the state did not advance a theory regarding when or why Brown armed himself. Instead, the state relied solely on the officers' testimony that they discovered Brown carrying a concealed handgun, that he

---

[1] The statute in question was effective 2007–2011 and has since been amended to allow a person with a license to carry a concealed firearm in a situation such as this. Wis. Stat. § 941.23(2)(d) (effective November 1, 2011). All references to the statute in the body of the order refer to the version effective 2007–2011.

admitted that he was carrying the handgun, and that the handgun he carried required special knowledge to unload.

It is not known, and it really does not matter, whether the jury believed that Brown took and concealed a gun he found on the ground to prevent its misuse, or whether they believed that Brown armed himself for protection against a shooter in a high-crime neighborhood. What is clear is that the jury believed that Brown was armed with a handgun, that he knew he had a handgun, and that the handgun was concealed—the elements of the charge. Consequently, they convicted Brown of violating Wis. Stat. § 941.23. At sentencing, the trial judge did not believe Brown's testimony that he was unfamiliar with the gun and that he immediately told the police officers about the gun. The judge sentenced him to four months' confinement, and stayed the sentence pending the outcome of this appeal.[2]

Brown sought post-trial relief and then appealed his conviction on three grounds: 1) that Wis. Stat. § 941.23, *on its face*, violated the Second Amendment of the Constitution; 2) that Wis. Stat. § 941.23, *as applied to him*, violated Article I, Section 25 of the Wisconsin Constitution according to *State v. Hamdan*, 665 N.W.2d 785 (Wis. 2003); and 3) that the trial judge abused her discretion by not permitting Brown to present the defense of coercion. The Wisconsin Court of Appeals denied Brown relief and affirmed the trial court. *State v. Brown*, 815 N.W.2d 407 (Wis. Ct. App. 2012). The Wisconsin Supreme Court denied Brown's petition for review, 822 N.W.2d 882 (Wis. 2012), and the United States Supreme Court denied certiorari, *Brown v. Wisconsin*, 133 S. Ct. 2023 (2013).

Brown then sought habeas corpus relief under 28 U.S.C. § 2254. Before the district court, Brown argued that Wis. Stat. § 941.23 was unconstitutional under the Second Amendment of the United States Constitution both on the statute's face and as applied to him. The district court denied Brown's facial challenge because the Wisconsin Court of Appeals did not issue "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" as required by 28 U.S.C. § 2254(d)(1). The

---

[2] A misdemeanor conviction and four months' confinement is, on the whole, a rather substantial outcome for a man with no criminal record who the state thought at the time was merely trying to protect himself in a high-crime neighborhood where shots had just been fired. It remains questionable despite the fact that Brown concealed the handgun. After all, how else was Brown to prevent others, including police officers responding to a report that someone had just fired a gun, from initially considering him to be the threat? That said, we must accept the facts leading to the state's decision to prosecute as presented.

district court reasoned that the Supreme Court, in *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008), at a minimum, left open the question of whether bans on carrying a concealed weapon were constitutional. *Brown v. Milwaukee Cty. Cir. Ct.*, No. 13-C-570, 2014 WL 5312569, at *4 (E.D. Wis. 2014). The district court also denied Brown's as-applied challenge on the grounds that the Wisconsin Court of Appeals' decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" as required by 28 U.S.C. § 2254(d)(2). *Brown*, 2014 WL 5312569, at *5. Yet, more importantly for this appeal, the district court found that Brown had procedurally defaulted his as-applied challenge by failing to raise it before the Wisconsin Court of Appeals. *Id*. We granted Brown a certificate of appealability on his as-applied claim only, and instructed the parties to brief the antecedent question of whether Brown procedurally defaulted the claim.

## II.      Analysis

We review a district court's denial of a habeas petition de novo. *Smith v. McKee*, 598 F.3d 374, 381 (7th Cir. 2010).

Brown's as-applied challenge before the Wisconsin Court of Appeals was that Wis. Stat. § 941.23 violated the Wisconsin Constitution according to *Hamdan*, a state law case. Brown limited his as-applied challenge to state law grounds for obvious reasons: *Hamdan* was a successful as-applied challenge to Wis. Stat. § 941.23 under the Wisconsin Constitution's Second Amendment analog, Article I, Section 25. The Wisconsin Supreme Court held that Wis. Stat. § 941.23 did not prevent Hamdan from carrying a concealed handgun in his store. His interest in bearing arms for his safety was protected by the Wisconsin Constitution. That interest outweighed the state's interest in enforcing the statute. Also carrying the handgun openly in his store would have been dangerous and counterproductive to this right. *Hamdan*, 665 N.W.2d at 811–12. Even though *Hamdan* bears many similarities to Brown's case, it is of no use to his habeas petition. *Hamdan* is a Wisconsin case applying Wisconsin law, and the district court can grant Brown habeas corpus relief only if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Before the district court, then, Brown changed his as-applied challenge to argue that Wis. Stat. § 941.23 was unconstitutional as applied to him under the Second Amendment of the United States Constitution, an argument Brown did not make before the Wisconsin Court of Appeals. The only time Brown connected his as-applied claim to

federal law in the Wisconsin Court of Appeals was in his reply brief, in passing, as a one-sentence backup for his facial challenge: "Even if Wisconsin's Concealed Carry statute survives a facial challenge to its constitutionality, the Appellant's actions should still be protected 'as applied' under *Heller*." Dist. Ct. Doc. 10-5 at 6. Despite this naked assertion, the reply brief's as-applied argument was limited to the Wisconsin Constitution and *Hamdan*. *Id*. at 7–8. Similar to this court, the Wisconsin Court of Appeals does not consider claims first argued in a reply brief to be properly raised before the court. *Techworks, LLC v. Wille*, 770 N.W.2d 727, 740 (Wis. Ct. App. 2009). Brown did not fairly present his federal as-applied challenge to the Wisconsin Court of Appeals, and a "failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Smith*, 598 F.3d at 382.

Brown argues that his claim is not procedurally defaulted because a court may hold that a statute is unconstitutional as applied as an alternative remedy for a facial challenge. Since Brown brought a facial challenge, the argument goes, the court can choose to grant relief in the form of an as-applied exception rather than hold the statute to be unconstitutional on its face. *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). This argument fails because, as the district court noted, "here the distinction isn't between facial versus as-applied challenges [under the U.S. Constitution], it is between arguments made under the state and federal constitutions. [Brown]'s as-applied challenge raised only questions of state law." *Brown*, 2014 WL 5312569, at *5 n.1. Brown seeks to preempt us from coming to the same conclusion by arguing that Wisconsin's right to keep and bear arms is similar enough to the Second Amendment (they are both considered fundamental rights) that the analysis would be substantially the same. *See State v. Cole*, 665 N.W.2d 328, 336 (Wis. 2003). But this similarity, by itself, was not enough to fairly present Brown's federal as-applied claim to the Wisconsin Court of Appeals.

### III.    Conclusion

Because Brown procedurally defaulted on his as-applied claim, the judgment of the district court is **AFFIRMED**.